**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA AARON KERSHAW, | No. 08-15300 |
| Plaintiff - Appellant, | D.C. No. CV-06-01180-DLB |
| v. | |
| CHARLES HARRISON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Joshua Aaron Kershaw appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kershaw contends that his Sixth Amendment rights were violated pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007), when the state trial court engaged in fact-finding to impose an upper-term sentence. The California courts denied Kershaw's Sixth Amendment challenge to his upper term sentence "by applying a rule of decision contrary to clearly established Supreme Court precedent." *See Butler v. Curry*, 528 F.3d 624, 640 (9th Cir.), cert. denied 129 S.Ct. 767 (2008); *see also* 28 U.S.C. § 2254(d); *Cunningham v. California*, 549 U.S. 270, 288-89 (2007) (holding that California's determinate sentencing law violates the Sixth Amendment). The district court erred in concluding that *Cunningham* announced a new procedural rule of constitutional law that does not apply retroactively on collateral review. *See Butler*, 528 F.3d at 639.

Applying de novo review to the constitutional claim, *see id.* at 641, any Sixth Amendment violation was harmless error. The record indicates that the trial court imposed the upper term sentence based, in part, upon the aggravating circumstances that Kershaw's prior convictions were "numerous or increasing in seriousness" and that Kershaw's prior performance on probation or parole was unsatisfactory. The probation report considered by the trial court at sentencing contains ample evidence to support a jury finding of these aggravating

circumstances beyond a reasonable doubt.  The fact that the finding was made by the trial court rather than the jury did not have a substantial and injurious effect on Kershaw's sentence.  *See id.* at 648; *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir. 2001).

**AFFIRMED.**